**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROGELIO FLORES-ALAMEDA** | **:** | **CIVIL ACTION** |
| | **:** | |
| **v.** | **:** | **NO.  26-4749** |
| | **:** | |
| **JAMISON,** *et al.* | **:** | |

## <u>ORDER</u>

**AND NOW**, this 9th day of July, 2026, upon consideration of Rogelio Flores-Alameda's

petition for writ of *habeas corpus* (DI 1), his motion to appoint the Federal Community

Defender (FCDO) for the Eastern District of Pennsylvania as his counsel in this matter and to

waive the filing fee (DI 2), and the government's response in opposition thereto (DI 4), it is

**ORDERED** that Mr. Flores-Alameda's petition is **GRANTED** for the reasons that follow:

1.      Mr. Flores-Alameda is a native of Mexico, who entered the United States without

inspection in 2004.  DI 1 at ¶ 17; DI 4 at 4.

2.      After entering the United States, Mr. Flores-Alameda lived in New York City

with his family.  DI 1 at ¶ 18.  In approximately 2007, he relocated to Philadelphia,

Pennsylvania.  *Id.*

3.      Mr. Flores-Alameda has established community in Philadelphia, where he has

worked at a furniture factory for the past 20 years, lives in close contact with friends and family,

and supports a close friend who has health issues.  *Id.* at ¶ 19.

4.      Mr. Flores-Alameda has not previously been detained by Immigration and

Customs Enforcement (ICE).  *Id.* at ¶ 20.

5.      On the morning of July 3, 2026, Mr. Flores-Alameda was pulled over by ICE

officers while he was driving to work.  *Id.* at ¶ 21.  After briefly questioning him, officers

detained Mr. Flores-Alameda and brought him to the Federal Detention Center (FDC) in

Philadelphia. *Id.*

6.      Mr. Flores-Alameda is presently being detained at the FDC in Philadelphia, purportedly under 8 U.S.C. § 1225(b)(2)(A).  DI 1 at ¶¶ 22-23; DI 4 at 4.

7.      The government maintains that Mr. Flores-Alameda is subject to mandatory detention under 8 U.S.C. § 1225(b), such that he is ineligible for a bond hearing before the Immigration Court.  DI 4 at 5-10.

8.      Section 1226 of the Immigration and Nationality Act (INA), titled "Apprehension and detention of aliens," applies to noncitizens already in the United States and gives the Attorney General discretion to detain or release them on bond pending a decision on their removal.  8 U.S.C. § 1226(a); *see Nielsen v. Preap*, 586 U.S. 392, 397 (2019).  If detained, the noncitizen may request a bond hearing before an immigration judge and may be released if he can show he is not a flight risk and does not pose a danger to the community.  8 C.F.R. § 1236.1(c)(8), (d)(1); *Nielsen*, 586 U.S. at 398.

9.      By contrast, Section 1225 of the INA, titled "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing," provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."  8 U.S.C. § 1225(b)(2). Detention under Section 1225(b)(2) is mandatory and a detainee may only be released "for urgent humanitarian reasons or significant public benefit."  *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (citation modified).

10.      On September 15, 2025, the Board of Immigration Appeals (BIA) issued a

2

decision in *Matter of Yajure Hurtado* 29 I. & N. Dec. 216 (BIA Sept. 5, 2025).[1]  Under the

BIA's *Hurtado* decision, BIA concluded that resident noncitizens are subject to detention under

8 U.S.C. § 1225(b)(2)(A), not 8 U.S.C. § 1226(a), which would render noncitizens present in the

United States ineligible to be released on bond.[2]  The government asserts that this is a *Hurtado*

case and that Mr. Flores-Alameda is properly detained under § 1225(b)(2)(A).  DI 4 at 1.  We

disagree.

11.     As the government acknowledges, most district courts confronted with this issue

have "rejected" the government's position, including more than 200 decisions from judges in this

district to date.  *Id.* at 3.  The government concedes that the Second, Sixth, Tenth, and Eleventh

Circuits have rejected its position.  *Id.* (citing *Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026)*;*

*Fidencio Alvarez v. Warden, Fed. Det. Ctr. Miami, et al.*, 175 F.4th 1258 (11th Cir. 2026);

*Lopez-Campos v. Raycraft, et al.*, 175 F.4th 713 (6th Cir. 2026); *Santillan Quiroz v. Mullin*, 2026

WL 1876709 (10th Cir. June 30, 2026)).  However, the government observes that the Fifth and

Eighth Circuit Courts of Appeals have considered this question and "agreed with the

government."  *Id.* at 3-4 (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026);

*Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. 2026)).  And it asserts that two recent Supreme

Court rulings support its position.  *Id.* at 4 (citing *Blanche v. Lau*, 609 U.S. ___, 2026 WL

---

[1] While the government breaks its detentions down into four categories — which it argues have "certain legal and factual distinctions" but provides no explanation of what those distinctions are — it acknowledges that "the fundamental point of departure between the government's position and the position advanced by petitioners and adopted in over 250 decisions in this district relates to the correct interpretation of § 1225(b)(2)(A)."  DI 4 at 2.

[2] The government also cites to *Matter of Q. Li*, 29 IN 66 (BIA 2025), which contains a nearly identical interpretation of § 1225 compared to *Hurtado*.  DI 4 at 2.

1791339 (U.S. June 23, 2026); *Mullin v. Al Otro Lado*, 609 U.S.___, 2026 WL 1825741 (U.S.

June 25, 2026)).  As we have done in several cases before us,[3] we adopt the reasoning of judges

of this district for the wholly persuasive reasons stated therein and find this reasoning prevails

over the reasoning relied upon in the non-binding *Buenrostro-Mendez* and *Avila* opinions.[4]  *See,*

*e.g.*, *Patel v. McShane*, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025) (Brody, J.); *Ndiaye v.*

*Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.); *Demirel v. Fed. Det. Ctr.*

*Philadelphia*, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Kashranov v. Jamison*,

2025 WL 3188399 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Cantu-Cortes v. O'Neill, et al.*, 2025

WL 3171639 (E.D. Pa. Nov. 13, 2025) (Kenney, J.); *Centeno Ibarra v. Warden of the Federal*

*Detention Center, et al.*, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025) (Rufe, J.); *Buele Morocho*

*v. Jamison, et al.*, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Diallo v. O'Neill,*

*et al.*, 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Rios Porras v. O'Neill, et al.*,

2025 WL 3708900 (E.D. Pa. Nov. 25, 2025) (Beetlestone, C.J.); *Wu v. Jamison, et al.*, No. 25-

cv-6469 (E.D. Pa. Dec. 1, 2025) (Gallagher, J.); *Flores Obando v. Bondi*, 2025 WL 3452047

(E.D. Pa. Dec. 1, 2025) (Brody, J.); *Valdivia Martinez v. FDC*, No. 25- cv-6568 (E.D. Pa. Dec. 1,

2025) (Savage, J.); *Soumare v. Jamison*, 2025 WL 3461542 (E.D. Pa. Dec. 2, 2025) (Henry, J.);

---

[3] *See, e.g.*, *Diop v. Jamison, et al.*, No. 25-cv-6946 (Jan. 1, 2026); *Singh v. Rose et al.*, No. 26-cv-593 (Feb. 9, 2026); *Rodriguez Mezquita v. McShane et al.*, No. 26-cv-1136 (Mar. 2, 2026); *Chavez v. Jamison et al.*, No. 26-1569 (Mar. 16, 2026); *Pineda v. Rife et al.*, No. 26-cv-2088 (Apr. 2, 2026); *Uulu v. Jamison et al.*, No. 26-cv-1971 (Apr. 6, 2026); *Hussain v. Jamison et al.*, No. 26-cv-3159 (May 15, 2026); *Meza v. Jamison et al.*, No. 26-cv-3659 (June 1, 2026); *Rodriguez Oviedo v. Jamison et al.*, No. 26-cv-4009 (June 15, 2026); *Guerrero Marin v. Jamison et al.*, No. 26-cv-4479 (July 1, 2026); *Merino-Sarango v. Jamison*, No. 26-cv-4628 (July 8, 2026).

[4] We do not cite to the over 200 cases decided against the government on this issue because the government acknowledges the weight of authority against it.  Rather, we cite a sample of those decisions by way of example.

*Yilmaz v. Warden, FDC*, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025) (Rufe, J.); *Nogueira-Mendes v. McShane*, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Juarez Velazquez v. O'Neill, et al.*, 2025 WL 3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Perez-Suspes v. Rose, et al.*, 2025 WL 3492820 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Delgado Villegas v. Bondi, et al.*, No. 25-cv-6143 (E.D. Pa. Dec 4, 2025) (Diamond, J.); *Hidalgo et al. v. O'Neill, et al.*, No. 25-cv-6775 (E.D. Pa. Dec. 5, 2025) (Diamond, J.); *Conde v. Jamison, et al.*, 2025 WL 3499256 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Rodrigues Pereira v. O'Neill, et al.*, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Bhatia v. O'Neill, et al.*, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025) (Rufe, J.); *Anirudh v. McShane, et al.*, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025) (Bartle, J.); *AcostaCibrian*, No. 25-cv-6650 (E.D. Pa. Dec. 9, 2025) (Gallagher, J.); *Picon v. O'Neill, et al.*, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025) (Perez, J)).  Our conclusion is also supported by the recent opinions rendered by the Second, Sixth, Tenth, and Eleventh Circuits in *Cunha*, *Lopez-Campos*, *Santillan Quiroz*, and *Alvarez*.  And we do not believe that our conclusion is undermined by the recent Supreme Court decisions in *Lau* and *Al Otro Lado*, neither of which directly address the question presented regarding the applicability of § 1225 to individuals such as Mr. Flores-Alameda who are already in the United States.

12.    Accordingly, if Mr. Flores-Alameda is subject to detention at all, it is under 8 U.S.C. § 1226(a).  The government shall **RELEASE** Mr. Flores-Alameda from custody immediately and certify compliance with this Order by filing on the docket no later than **5:00 p.m. ET** on Friday, **July 10, 2026**;

13.    The government is temporarily enjoined from re-detaining Mr. Flores-Alameda for seven days following his release from custody;

5

14. If the government chooses to pursue re-detention of Mr. Flores-Alameda after that seven-day period, it must first provide him with a bond hearing, at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings; and

15. Pending the ordered bond hearing, the government cannot remove, transfer, or otherwise facilitate the removal of Mr. Flores-Alameda from the Eastern District of Pennsylvania before the ordered bond hearing.  If an immigration judge determines that Mr. Flores-Alameda is subject to detention under 8 U.S.C. § 1226(a), the government may request permission from the court to move Mr. Flores-Alameda if unforeseen or emergency circumstances arise that require him to be removed from the District.  Any such request must include an explanation for the request as well as a proposed destination. We will then determine whether to grant the request and permit transfer of Mr. Flores-Alameda.

16. Additionally, Mr. Flores-Alameda's motion to appoint the Federal Community Defender (FCDO) for the Eastern District of Pennsylvania as his counsel in this matter and to waive the filing fee for his petition (DI 2) is **GRANTED**.

MURPHY, J.

6